# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

C. R. FLOYD BRANNON,
ADC #124405                                                                                    PLAINTIFF

V.                          5:15CV00315 DPM/JTR

JOHN O. LYTLE,
Doctor, Corrective Care Solutions, Inc., et al.                          DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive

any right to appeal questions of fact.

## I. Introduction

Plaintiff, C. R. Floyd Brannon ("Brannon"), is a prisoner in the Arkansas Department of Correction ("ADC"). In this *pro se* action, Brannon alleges that Defendants violated his constitutional rights, as protected by 42 U.S.C. § 1983, and committed the Arkansas tort of medical malpractice by improperly treating a knee injury he sustained while playing baseball at the Cummins Unit in September of 2009. *Docs. 2, 4, & 11.*

Specifically, Brannon alleges that: (1) Defendant Dr. John O. Lytle ("Dr. Lytle") violated his constitutional rights and committed medical malpractice when he operated on his knee in September 2009 and August of 2010; (2) Defendants Dr. Bernard Crowell ("Dr. Crowell"), Dr. Troy Moore ("Dr. Moore"), and APN Estella Bland ("APN Bland") committed medical malpractice when they treated his knee from 2012 to 2014; and (3) Defendant CCS, Inc. ("CCS") is vicariously liable for the negligent acts of its employees, Dr. Lytle, Dr. Crowell, Dr. Moore, and APN Bland.[1] *Id.*

---

[1] In his Complaint, Brannon also alleged that Dr. Crowell, Dr. Moore, APN Bland, and CCS violated his constitutional rights. *Id.* On March 24, 2016, the Court dismissed those constitutional claims, with prejudice, pursuant to the doctrine of *res judicata*. *Doc. 15*. Thus, the only remaining federal claim, over which this Court has original jurisdiction, is Brannon's constitutional claim against Dr. Lytle.

Dr. Lytle and CCS have filed a Motion for Summary Judgment, a Statement of Undisputed Facts, and a Brief in Support. They argue that Brannon's § 1983 and medical malpractice claims against them should be dismissed, without prejudice, because he failed to exhaust his administrative remedies. *Docs. 64, 65, & 66.* Brannon has filed a Response. *Doc. 79.* Thus, the issues are properly joined and ready for disposition.[2]

## II. Discussion

**A.    Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed .R.Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion

"means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must *fully and properly* comply with the specific exhaustion requirements of the incarcerating facility.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) an informal resolution raising the claim with the medical staff within 15 days of its occurrence; (2) a grievance with the Health Services Administrator, if the attempt at informal resolution is unsatisfactory; and (3) appeal the denial of

that medical grievance to the ADC Deputy Director for Health and Correctional Programs. *Doc. 66, Ex. 1* (ADC Adm. Dirs. 09-01 and 10-32 § IV(E) through (G)). The ADC's exhaustion policy requires that, in connection with each claim, an inmate must "specifically name each individual involved," and those instructions are repeated on the grievance forms themselves. *Id.* (§ IV (C)(4)). Finally, the ADC's exhaustion policy cautions prisoners that: "Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." *Id.*

### 1. Brannon's § 1983 Inadequate Medical Care Claim Against Dr. Lytle

The parties *agree* that 12-1326 is the *only* grievance Brannon filed that specifically named Dr. Lytle, something that was *required* by the ADC's exhaustion policy.[3] *Docs. 66 & 79.* In that grievance, Brannon stated the following:

> Since Sept. 2, 2009, when I broke my fibula bone and blew-out my left knee. I have had 1 knee replacement after first having surgery to correct the knee by *Dr. Lytle* of Pine Bluff. All of which has

---

[3] Brannon filed several grievances that specifically named *other medical providers*, but not Dr. Lytle. *Doc. 66, Ex. 1 at 39 - 64.* When reviewing those grievances, ADC officials only discussed the medical care provided by those individuals and did *not* mention any medical care provided by Dr. Lytle. Thus, those grievances are irrelevant to the issue of whether Brannon has properly exhausted his administrative remedies regarding the inadequate medical care claims he is raising against Dr. Lytle.

5

resulted in more suffering. Then an optic surgery on my leg by *Dr. Crowell* on the 19th of March 2012: whereby my stitches were due out in a week. But after several requests to have them removed and several weeks, [I] had to remove them myself. Then on 18th of May, x-ray was taken and the results said that my leg was fine, but to this very day I can not straighten out my leg and am in constant pain. Now on 5-25-12 I was given a cane, and had my wheelchair taken away because *Dr. Crowell* said for me to walk as much as possible! But nothing was said to me by *Dr. Crowell.* It causes severe pain to a point of near collapse! This type treatment is cruel & unusual punishment and shows deliberate indifference to my medical needs as prescribed & protected by the U.S. Constitutional Amendments 6th, 8th, and 14th!

*Doc. 66, Ex. 1 at 42* (emphasis added).

Brannon filed grievance 12-1326 on May 23, 2012, years after the expiration of the *fifteen day deadline* for him to file a grievance raising claims about the allegedly inadequate medical care provided by Dr. Lytle in 2009 and 2010. *Id.* Thus, ADC officials treated Brannon's reference to Dr. Lytle as background information,[4] and only addressed the merits of Brannon's allegations against Dr. Crowell and the other medical providers, who treated Brannon's recent knee problems in March through May of 2012.

---

[4] Even if Brannon had intended grievance 12-1326 to raise a complaint about the medical care Dr. Lytle provided *years earlier*, it would have been filed well over a year after the deadline for Brannon to submit a *timely grievance* complaining about that medical care. Because grievance 12-1326 is facially untimely as to *any* medical care provided by Dr. Lytle, Brannon can not rely on that grievance to establish that he *properly exhausted* his administrative remedies regarding the § 1983 inadequate medical care claim he has asserted against Dr. Lytle in this action.

Accordingly, in filing grievance 12-1326, Brannon did *not* properly exhaust his administrative remedies as to the § 1983 inadequate medical care claim he is now asserting against Dr. Lytle in this lawsuit. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (finding improper exhaustion when an ADC prisoner failed to specifically name one of the defendants in his grievance); *Champion v. Atkins,* Case No. 12-2467, 2013 WL 656797 (8th Cir. Feb. 25, 2013) (unpublished decision) (finding improper exhaustion when an ADC prisoner specifically named two defendants in his grievance but did not raise the claim he was pursuing against them in federal court). Thus, Dr. Lylte is entitled to summary judgment on the § 1983 inadequate medical care claim Brannon has asserted against him, and that claim should be dismissed, without prejudice. *Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

2. **Brannon's Medical Malpractice Claims Against Dr. Lytle and CCS**

Dr. Lytle and CCS also argue that Brannon's medical malpractice claims against them should be dismissed, without prejudice, because he failed to exhaustion his administrative remedies on those claims. The plain language of the PLRA states that the exhaustion requirement applies only to claims brought *"under*

*section 1983 of this title, or any other Federal law.*" 42 U.S.C. § 1997e(a) (emphasis added). It does *not* apply to Brannon's medical malpractice claims against Dr. Lytle or CCS, which arise *under state law. See, e.g.,Torres v. Corr. Corp. of America*, 372 F. Supp. 2d 1258, 1263 (N.D. Ok. 2006); *Artis-Bey v. District of Columbia*, 884 A.2d 626, 631 (D.C. 2005); *Shaheed-Muhammad v. Dipaolo*, 393 F. Supp. 2d. 80, 92 n. 5 (D. Mass. 2005); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 29 (D. Conn. 2005).

Thus, Dr. Lytle and CCS are not entitled to summary judgment on the medical malpractice claims Brannon has asserted against them.[5]

**B. Supplemental Jurisdiction**

The only remaining federal claim over which this Court has original jurisdiction is Brannon's § 1983 claim against Dr. Lytle. Because Dr. Lytle is entitled to summary judgment on that claim, the Court should decline to exercise supplemental jurisdiction over the remaining medical malpractice claims Brannon is asserting against all the Defendants. Those claims can be best and most appropriately resolved in state court. *See* 28 U.S.C. § 1367(c)(3); *Ivy v.*

---

[5] While discussing its exhaustion defense, CCS made the one-sentence assertion that Brannon "sued CCS by attempting to attribute Corizon's alleged conduct to CCS, which did not contract with the ADC until January 1, 2014." *Doc. 65 at 10.* Although it is unclear, it appears that CCS may be asserting that Corizon Inc. is the proper Defendant as to any negligent medical care Dr. Lytle provided to Brannon in 2009 and 2010. It is unclear if CCS acquired Corizon and, if so,

8

*Kimbrough,* 115 F.3d 550, 552–53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity and to promote justice between the parties"). Importantly, Brannon will not be prejudiced because the limitations period for bringing his medical malpractice claims in state court has been tolled and will continue to be tolled until thirty days after the Court enters the Order dismissing those claims, without prejudice.[6] *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Dr. Lytle's and CCS's Motion for Summary Judgment *(Doc. 64)* be GRANTED IN PART and DENIED IN PART.

---

whether it assumed Corizon's liabilities.

[6] If the District Court adopts this Recommended Disposition and Brannon wishes to pursue his medical malpractice claims, he should *promptly file* a Complaint asserting those claims in the Lincoln County Circuit Court, which is where the alleged malpractice occurred. *See* Ark. Code Ann. § 16-60-105 (providing that a medical malpractice claim "shall be filed in the county in which the alleged act or omission occurred").

2. Brannon's § 1983 inadequate medical care claim against Dr. Lytle be DISMISSED, WITHOUT PREJUDICE, due to lack of exhaustion.

3. The Court decline to exercise jurisdiction supplemental over Brannon's medical malpractice claims against all of the Defendants, which should be DISMISSED, WITHOUT PREJUDICE.

Dated this 4th day of May, 2017.

*/s/ J. Thomas Ray*

UNITED STATES MAGISTRATE JUDGE